GRILLO, DEMANDANTE Y APELADA, *v.* GRILLO ET AL.,
DEMANDADOS Y APELANTES.

Apelación procedente de la Corte de Distrito de Humacao
en pleito sobre reconocimiento de filiación.

No. 2721.—Resuelto en diciembre 5, 1922.

REBELDÍA — APERTURA DE REBELDÍA — FILIACIÓN.'— Teniendo en cuenta que este
pleito tiene por objeto que la demandante sea declarada hija natural reco-
nocida por su padre, muerto a la fecha de ser interpuesta la demanda; que
los pleitos sobre filiación afectan no sólo a las partes litigantes sino a la so-
ciedad en general; que habiendo comparecido las demandadas en 1912 y no
habiendo sido resuelto el pleito antes de agosto de 1921 estaban justifica-
das en creer la información que les dió su abogado referente a que el pleito
estaba terminado; que la petición para incluirlo en el calendario especial fué
hecha después del término fijado por la ley y que el juicio fué celebrado a
los tres días, parece que los fines de la justicia se cumplen mejor permitiendo
que las demandadas, que son una viuda y una menor de edad, se defiendan,
que no negándoles la petición que hicieron con tal fin.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. F. González.*

Abogado de la apelada: *Sr. M. Tous Soto.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

Este pleito tiene por objeto obtener de la corte la decla-
ración de que la demandante es hija natural reconocida por
José A. Grillo Santiago y, por haber muerto éste, fueron de-
mandadas su viuda y su hija legítima menor de edad.

Aunque la demanda fué presentada en el año 1910 no se
hizo la citación de las demandadas hasta dos años después
y entonces comparecieron por medio de abogado alegando la
excepción previa de que la demanda no aducía hechos deter-
minantes de causa de acción. Como consecuencia de esa ex-
cepción fué presentada otra demanda enmendada que tam-
bién fué excepcionada por igual motivo, y en 14 de julio de
1914 los abogados de las partes convinieron por escrito, con la
aprobación de la corte, en que las demandadas retirarían la
excepción previa presentada y en que tendrían veinte días
para contestar, contados desde dicha estipulación. Después

de esto el pleito quedó sin tramitación durante seis años hasta que en enero de 1920 la demandante, sin intervención de su abogado, pidió y obtuvo del secretario de la corte que registrara la rebeldía de las demandadas. Otra vez quedó paralizado el pleito hasta que al año siguiente la corte ordenó fueran citadas las partes a exponer por qué no debía tenerse a la demandante por desistida de su acción, por abandono; y habiendo comparecido la demandante la corte declaró el 28 de marzo de 1921 que no procedía el archivo del pleito. Cinco meses después, el 23 de agosto, un día después del fijado por la Ley Núm. 94 de 31 de marzo de 1909 para la inclusión en calendario especial de la corte de los pleitos en rebeldía, la parte demandante, sin autorización de la corte, consiguió que el pleito fuera incluído en ese calendario, celebrándose el juicio el día 26 de agosto sin la asistencia de las demandadas y recayendo sentencia declarando con lugar la demanda. Notificadas las demandadas de la sentencia comparecieron en seguida ante la corte bajo la dirección de otro abogado y le pidieron que dejara sin efecto la sentencia y también la anotación de su rebeldía alegando sorpresa, entre otras razones, porque según la declaración jurada de la madre de la menor demandada que presentaba la única noticia que tuvo por su abogado desde que le confió su representación en 1912 fué la de que el pleito estaba terminado, por lo que desde hace más de seis años no se ocupaba de él, que su abogado nunca le manifestó que el pleito estuviera pendiente ni ha renunciado la representación de las demandadas, que la peticionaria tiene evidencia suficientemente para demostrar que la demandante no es hija de José A. Grillo y que ha confiado su representación ahora a otro abogado a quien expuso todas las cuestiones.

La corte inferior negó la solicitud de las demandadas e interpuesta por ellas esta apelación contra esa resolución alegan en su recurso como único motivo para sostenerlo que la corte inferior abusó de la facultad discrecional que le concede

el artículo 140 del Código de Enjuiciamiento Civil para dejar sin efecto su sentencia y la anotación de rebeldía.

Teniendo en cuenta que este pleito tiene por objeto que la demandante sea declarada hija natural reconocida por su padre, muerto a la fecha de ser interpuesta la demanda; que los pleitos sobre filiación afectan no sólo a las partes litigantes sino a la sociedad en general; que habiendo comparecido las demandadas en 1912 y no habiendo sido resuelto el pleito antes de agosto de 1921 estaban justificadas en creer la información que les dió su abogado referente a que el pleito estaba terminado: que la petición para incluirlo en el calendario especial fué hecha después del término fijado por la ley y que el juicio fué celebrado a los tres días, nos parece que los fines de la justicia se cumplen mejor permitiendo que las demandadas, que son una viuda y una menor de edad, se defiendan, que no negándoles la petición que hicieron con tal fin. En circunstancias como las presentes los tribunales, generalmente, son benévolos en dejar sin efecto la sentencia y también la rebeldía de los demandados.

La resolución apelada debe ser revocada con instrucciones a la corte inferior de que proceda de acuerdo con esta opinión.

*Revocada la resolución apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Hutchison y Franco Soto.